MRS. M. M. BROWN ET AL. v. J. T. ROBISON, COMMISSIONER
GENERAL LAND OFFICE, ET AL.

No. 2151. Decided November 9, 1910.

**1.—Mineral Lands—Purchase—Amount—Husband and Wife.**

The policy of the law *appearing in the restriction of the amount of mineral lands which may be purchased by one applicant under article* 3498j, Revised Statutes, to two sections, forbids the sale of two sections each to a husband and wife. The latter might, it seems, by arrangement with the husband who was already a purchaser of less than two section, apply for and purchase, in her own name, enough to make up the two sections her husband was entitled to buy, but no more. (P. 553.)

**2.—Same—Application to Purchase—Designation of Land.**

An application to purchase mineral lands under article 3498j, Revised Statutes, designated different· portions of different sections, aggregating more in amount than the applicant was entitled to buy, applying to purchase "all or any of.these lands." Held, that it was properly rejected by the Commissioner of the General Land Office. It did not point out with reasonable certainty the land applicant desired and was entitled to buy. The Commissioner was not required to make a selection of so much of that applied for as the purchaser was entitled to receive, and mandamus to require him to accept the application must be refused. (Pp. 553, 554.)

Original application by Mrs. Brown for writ of mandamus against Robison, Commission of the General Land Office, O'Neal, an adverse claimant of the land, being made co-respondent.

*Hogg, Gill & Jones,* for relator.

*Jewel P. Lightfoot,* Attorney General and *L. A Dale,* Assistant, for respondent.

MR. JUSTICE BROWN delivered the opinion of the court.

Mrs. Brown, a married woman, who is joined, *pro forma,* by her husband, J. E. Brown, instituted this proceeding in this court to obtain a writ of mandamus to be directed to J. T. Robison as Commissioner of the General Land Office, joining J. F. O'Neal as co-respondent. The application is based upon the following state of facts:

On the 11th day of February, 1910, the land involved in this proceeding was a part of the public school lands and had been mapped and set aside as such by the proper authorities. The land had been placed upon the market for sale and was open to entry by any intending purchaser and prospector, having been classified as mineral land of the class authorized to be purchased under. Article 3498j of the Revised Statutes of 1895. Prior to February 11, 1910,

Mrs. Brown had gone upon the land with the intention to purchase the same under Article 3498j, but she was not actually residing upon the land at any time. On the 11th day of February, 1910, Mrs. Brown made an affidavit in accordance with the said Article 3498j, in which she stated, in substance, "that the location was made without any agreement or contract of any kind that the parties owning an interest in the location before the relocation have or are to have any interest in this location." She further stated in the said affidavit "that so far as she knew or had reason to believe, or did believe, the land did not contain valuable deposits of gold or silver or cinnabar or other valuable metals not included in said Article of the statute." The affidavit was signed and sworn to by Mrs. Brown on the 11th day of February, 1910, and was delivered to the county surveyor of Reeves County on that day with a description of the land as follows:

"The East one-half (½) of the West one-half (½) of section 18, block 59, and the North one-half (½) of the North one-half (½) of section 8, and Northwest one-fourth (¼) of section 5, the East one-fourth (¼) of section 6, all of the above are in block 59, public school land Reeves County, Texas."

The proceedings by the county surveyor were all regular and in accordance with law and the application was in due time forwarded to J. T. Robison, the Commissioner of the General Land Office. The Commissioner refused to accept the affidavit and the application and denied to the relator the right to purchase the said land and secure the privilege of prospecting the same in accordance with law. It is alleged that afterwards he sold a part of the land in controversy to co-respondent J. F. O'Neal. Without going further into the particulars of the application, it is sufficient to say that it is regular in form and in time of presentation.

The Commissioner set up these facts in defense: That relator's husband, J. E. Brown, had, before the time of the filing of her application, purchased from the State 120 acres of the same class of land and that the said Brown had not expended on the said land as much as $5,000.00, wherefore, respondent claimed that if Mrs. Brown was entitled to anything, she was not entitled to a full section of land. The Commissioner also set up the fact of having sold the land to J. F. O'Neal and that he had sold other portions of the land in controversy to other parties who are not made parties defendant in this proceeding.

The Commissioner alleged that the land sought here to be purchased by Mrs. Brown had been applied for in the year 1903 in the same manner by other parties, and at the expiration of the year, without any prospecting or work having been done upon the land, the said file was permitted to become forfeited and that immediately thereafter another party had filed upon the same land and so on, each successive year, each party suffering a forfeiture to occur, without any work or prospecting on the land, and that on the 11th day of February, 1910, there was a previous file upon the same land and on that day the forfeiture occurred and within a few hours thereafter on the same day Mrs. Brown filed her application to pur-

chase and for the privilege of prospecting and that by such means it had been kept off the market for a number of years; however, there is no charge made that Mrs. Brown acted in concert with or for any other person.

Respondent also objects that the affidavit which was filed and presented by Mrs. Brown was not in compliance with the statute because it failed to give a reasonable description of the land sought to be appropriated, for the reason that in designating the land it is stated that she claims "any or all of the following tracts," setting out the particular surveys.

Article 3498j of the Revised Statutes contains the following provisions applicable to the facts of this case:

"Within twelve months after the filing of the affidavit hereinafter provided for, any person or association of persons qualified as required by article 3498a, shall have the right to purchase and obtain patent by compliance with this title, or any of the lands of the State which are specified or included in article 3498a; . . . . provided, that where any such parties shall have heretofore expended, or shall hereafter expend, five thousand dollars in developing the aforesaid mineral resources of any of said lands, such party shall have the right to buy one additional section and no more, and to include in the purchase any section or part thereof on which the work may have been done. The land so purchased may be in different sections, and all embraced in one or more obligations, not to exceed the quantity stated."

It will be observed that under this provision of the statute one party may acquire not exceeding two sections of land of this quality and character. From this limitation upon the right to acquire we conclude that it is not the policy of the law to permit the husband and the wife each to acquire two sections, thus bringing four sections under the control of the husband instead of the utmost limit of two. With the consent and co-operation of the husband, the wife might purchase any portion of the land coming within the limit prescribed by the statute under the same condition and circumstances that would apply to her husband. We are inclined to think that under that statute Mrs. Brown might have purchased, with the consent of her husband, the remainder of the section; that is, 520 acres, being the amount after deducting the 120 acres purchased by the husband. Under this view of the policy of the statute we shall consider this case as if the husband were the acting party and the wife will be accorded just such rights as the husband would be if he were the person seeking to make the purchase.

Article 3498j contains this language: "Provided, further, that any person desiring to acquire any lands under the provisions of this article shall have the right to prospect said land for a period of twelve months before making any payment thereon, upon condition that said prospector shall file with the proper surveyor his affidavit in writing, setting forth that he has gone upon the land in good faith with the intention of purchasing the same under the provisions of this article, and in said affidavit give a reasonable description of said land."

The application made by Mrs. Brown complied with this proviso in the designation of the lands desired to be purchased, except that the description given of the land which she desired to purchase is objected to as being indefinite. In designating the land which she desired, after naming different portions of different sections by number, thus properly designating them, she says, "all or any of these lands." If she had been entitled to purchased 640 acres this description would be reasonably certain, because it would embrace all of the land, but since she is not entitled to purchase the whole of 640 acres, "all and each of the portions designated by her," is not reasonably certain, because it does not point out which of the portions so designated she desires to buy, as constituting the 520 acres which she had the right to acquire. We therefore are of the opinion that the application did not comply with the law in making such definite and reasonable description as would enable the Commissioner to determine what portions of the land pointed out she wished to purchase, and that such description is too indefinite for this court to undertake to enforce her claim by a writ of mandamus directed to the Commissioner of the General Land Office. The law does not require the Commissioner to make selection for a purchaser. It is therefore ordered that the writ of mandamus be refused.

*Mandamus refused.*